UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN HAPCIC, JOHN COOPER and
FREDERICK DUNLAP,                                             AMENDED

                              Plaintiff(s),      REPORT AND RECOMMENDATION

       -against-                                                  CV 04-0069 (LDW) (ETB)

COMMANDING OFFICER, et al.,

                              Defendant(s).
-----------------------------------------------------------------X

TO THE HONORABLE LEONARD D. WEXLER, United States District Judge:

     By undated correspondence written on November 29, 2005, the pro se plaintiff, John Hapcic, reports that the reason for his failure to appear or otherwise communicate with the court is attributable to health conditions, i.e. "heart failure, bronchitis, and pneumonia resulting in open heart surgery at the Cleveland Clinic in Cleveland, Ohio on September 15, 2005." (Correspondence of John J. Hapcic, dated November 29, 2005). For this reason he requests "to have this case rescheduled and heard before the court, so I will be able to appear and dispute this ruling." Id.

     This is a prison inmate pro se civil rights action, based on alleged violation of the Eighth and Fourteeneth Amendment. The pro se plaintiffs, John Hapcic, John Cooper and Frederick Dunlap, members of the outlaw Pagan Motorcycle Club, seek damages for injuries allegedly arising from their arrest and subsequent confinement by the defendants - New York State, Hempstead and Lindenhurst Police Departments, as well as the Suffolk and Nassau County Sheriff's Departments. The events giving rise to plaintiffs' arrests occurred at the Vanderbilt Convention Center in February 2002 and are well-known to the court. The plaintiffs herein were prosecuted in this court before you for federal RICO violations (CR 02-305), on which all entered pleas of guilty and were sentenced to terms of

-1-

imprisonment. This action commenced in January 2004.

The same party plaintiffs filed a related action - Cooper v. President/CEO, et al., Vanderbilt Convention Center, CV 04-0070 (LDW) (ETB) - seeking money damages from the Vanderbilt Convention Center arising from the melee caused by plaintiffs and other members of the Pagan Motorcycle Club when they attacked members of the rival Hell's Angels Motorcycle Club, who were holding an event at the Vanderbilt Hotel in February 2002. Pending before the court in that action is a Report and Recommendation, dated October 24, 2005, to dismiss, pursuant to Rules 41(b) and 16(f), based on the same plaintiffs' failure to appear and to prosecute the action and failure to comply with the orders of the court. No objection has been filed in that action, although due on November 7, 2005.

By order, dated October 24, 2005, I scheduled a conference in this action for November 17, 2005. The plaintiffs failed to appear, although notified of the conference. The plaintiffs did not communicate with the court as to their failure to appear, except for the correspondence of Hapcic, dated November 29, 2005 (12 days after the conference herein), which was received after the original Report and Recommendation in this action, dated November 18, 2005. The New York State defendants were represented at the conference by Assistant Attorney General Anne Leahey, who informed the court that an investigator had spoken to one of the plaintiffs, John Hapcic, who stated that he wanted to withdraw this action. Ms. Leahey reported that papers were sent to the address stated by Hapcic and that the withdrawal papers were returned undelivered. Apparently, Hapcic has changed his mind and now seeks to go forward with this action.

The plaintiffs Cooper and Dunlap have failed to appear or otherwise communicate with the court. Based on their conduct in this action - as well as the related action - it appears that the pro se plaintiffs Cooper and Dunlap have abandoned this action, just as they have abandoned the related action

noted above. As to the pro se plaintiff, Hapcic, who has now expressed the desire to prosecute this action, he should be afforded the opportunity to do so.

## RECOMMENDATION

This action should be dismissed, without prejudice, as to plaintiffs Cooper and Dunlap, pursuant to Rules 16(f) and 41(b), Fed. R. Civ. P., based on the plaintiffs' failure to prosecute this action and failure to comply with the orders of the court. As to Hapcic, I recommend that he be permitted another opportunity to prosecute this action, provided that he appear at a scheduling conference to be held on January 12, 2006 at 10:00 a.m.[1]

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

---

[1] The court received on November 21, 2005, correspondence dated November 13, 2005, from another Pagan member, William P. Grayson, requesting an adjournment of this action to January 2007, because he remains in federal custody at a federal correctional facility in Memphis, Tennessee and seeks to prosecute this action upon his release from custody when he intends to be in a position to retain counsel for this purpose. (Correspondence entitled "Request for Adjournment," dated November 13, 2005, by William P. Grayson at 1-2.

The within action was filed by the pro se plaintiffs, Hapcic, Cooper and Dunlap, on January 7, 2004. The pro se plaintiff, Cooper, by notice of motion, dated July 8, 2004, sought leave to add thirty-eight (38) party plaintiffs to the within action and the related action, CV 04-0070. This application was denied by Memorandum Opinion and Order, dated August 5, 2004, on the ground that Cooper is not an attorney-at-law and, therefore, is not permitted to represent anyone other than himself in this action (citing cases). Id. at 2-3. Since Grayson is not a party to this action, he has no standing to appear herein.

I note from the docket sheet that on February 3, 2004 - about twenty-two (22) months ago - Grayson filed a "Motion to Enjoin in Complaint for Damages and Relief." Construing this motion liberally, as required for a pro se litigant, it appears that Grayson, in that document, seeks to intervene in this action as a party plaintiff. See Rule 20, Fed. R. Civ. P. There has been no decision on this application. The application is devoid of any service on the parties to this action, although Grayson does state that he served his request on Gary Brown, the former Chief of the Criminal Division of the U.S. Attorney's Office in Central Islip. For this reason, the request is defective and should be denied, without prejudice to renewal, on notice to all parties herein. See Rule 5(a), Fed. R. Civ. P.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of the date of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 115 S.Ct. 86 (1994); <u>Frank v. Johnson</u>, 968 F.2d 298 (2d Cir.), <u>cert. denied</u>, 113 S.Ct. 825 (1992); <u>Small v. Secretary of Health and Human Serv.</u>, 892 F.2d 15, 16 (2d Cir. 1989)(<u>per</u> <u>curiam</u>).

Dated: Central Islip, New York
       December 14, 2005

                                                   <u>/s/ E. Thomas Boyle</u>
                                                   E. THOMAS BOYLE
                                                   United States Magistrate Judge