UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
JOHN HAPCIC,

                Plaintiff,           MEMORANDUM AND ORDER

    -against-                          CV 04-0069 (LDW)

COMMANDING OFFICER, et al.,

                Defendants.
---------------------------------------------------X

WEXLER, District Judge

      Pro se plaintiff John Hapcic ("Hapcic") brings this action against various defendants resulting from his arrest at the Vanderbilt, a club located on Long Island, on February 23, 2002. Hapcic, a member of the Pagan's Motorcycle Club, was arrested following a disturbance at the club in which one member of the Pagan's was killed and three others critically wounded, allegedly by members of the Hells Angels Motorcycle Club. In the complaint, Hapcic asserts claims under 42 U.S.C. § 1983 for violation of his constitutional rights, seeking money damages from various defendants, including the "Commanding Officer" of the New York State Police and "agents thereof" in their official and individual capacities (the "state defendants"). Regarding the state defendants, Hapcic alleges that during his arrest he was "slammed into a truck by a New York State Police Officer" and "struck with a baton by a New York State Police Officer." Complaint, p. 20.

      The state defendants move to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), arguing that dismissal is warranted

of limitations.

Moreover, as for claims against the unnamed "Commanding Officer," even assuming they are not time-barred, Hapcic fails to sufficiently personal plead personal involvement of such official, as required to impose supervisory liability. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' " Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). As the state defendants argue, the complaint fails to allege any personal involvement of the "Commanding Officer" in the alleged deprivation of constitutional rights. Accordingly, Hapcic's claims against the "Commanding Officer" are dismissed for failure to state a claim based on supervisory liability.

Accordingly, the state defendants' motion to dismiss is granted, and the motion is terminated. This Memorandum and Order will be filed electronically and mailed to plaintiff Hapcic at his address on record.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JOHN HAPCIC,

                Plaintiff,              MEMORANDUM AND ORDER

    -against-                          CV 04-0069 (LDW)

COMMANDING OFFICER, et al.,

                Defendants.
-----------------------------------------------------X

WEXLER, District Judge

    Pro se plaintiff John Hapcic ("Hapcic") brings this action against various defendants resulting from his arrest at the Vanderbilt, a club located on Long Island, on February 23, 2002. Hapcic, a member of the Pagan's Motorcycle Club, was arrested following a disturbance at the club in which one member of the Pagan's was killed and three others critically wounded, allegedly by members of the Hells Angels Motorcycle Club. In the complaint, Hapcic asserts claims under 42 U.S.C. § 1983 for violation of his constitutional rights, seeking money damages from various defendants, including the "Commanding Officer" of the New York State Police and "agents thereof" in their official and individual capacities (the "state defendants"). Regarding the state defendants, Hapcic alleges that during his arrest he was "slammed into a truck by a New York State Police Officer" and "struck with a baton by a New York State Police Officer." Complaint, p. 20.

    The state defendants move to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), arguing that dismissal is warranted

against the "Commanding Officer" and "agents thereof" in their official capacities based on Eleventh Amendment immunity and in their individual capacities based on the statute of limitations; and that dismissal is warranted against the "Commanding Officer" for failure to state a claim because the allegations are insufficient to impose supervisory liability. Hapcic submits no opposition. Upon consideration, the motion is granted.

As for any claims against the "Commanding Officer" and "agents thereof" in their official capacities, the Eleventh Amendment bars such claims. It is well settled that the Eleventh Amendment bars suit for money damages against a state official in his or her official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, Hapcic's claims are dismissed as against the state defendants in their official capacities.

As for any claims against the "Commanding Officer" and "agents thereof" in their individual capacities, the three-year statute of limitations governing § 1983 actions in New York, see Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997), bars such claims. Hapcic had three years from February 23, 2002, the date on which his claims accrued, to attain personal jurisdiction over these defendants. The state defendants contend that Hapcic neither served nor attempted to serve individually any state police officer or commanding officer in accordance with FRCP 4 within that period. Because there is no indication in the record that Hapcic made or attempted such service, his claims are dismissed as against the state defendants in their individual capacities based on the statute of limitations.

Moreover, as for claims against the unnamed "Commanding Officer," even assuming they are not time-barred, Hapcic fails to sufficiently personal plead personal involvement of such official, as required to impose supervisory liability. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' " Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). As the state defendants argue, the complaint fails to allege any personal involvement of the "Commanding Officer" in the alleged deprivation of constitutional rights. Accordingly, Hapcic's claims against the "Commanding Officer" are dismissed for failure to state a claim based on supervisory liability.

Accordingly, the state defendants' motion to dismiss is granted, and the motion is terminated. This Memorandum and Order will be filed electronically and mailed to plaintiff Hapcic at his address on record.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 3, 2006